William H. Moorhead v. Commissioner.
Moorhead v. Commissioner
Docket No. 51083.
United States Tax Court
T.C. Memo 1956-67; 1956 Tax Ct. Memo LEXIS 228; 15 T.C.M. (CCH) 319; T.C.M. (RIA) 56067; March 21, 1956
*228 Sheldon H. Braiterman, Esq., for the petitioner. A. Russell Beazley, Jr., Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The Commissioner has determined a deficiency in the income taxes of petitioner William H. Moorhead in the amount of $2,773.06 for the taxable year 1949 and $2,686.17 for 1950. Petitioner on brief has abandoned an issue raised by the pleadings, leaving for our decision the sole issue of whether payments made by petitioner to his wife for her support during said years are deductible by him as separate maintenance under section 23(u) of the Internal Revenue Code of 1939. Findings of Fact Stipulated facts are so found. Petitioner filed unsigned income tax returns for each of the years here involved with the collector of internal revenue for the district of Maryland. In each of said returns the amount of $7,000 was deducted from adjusted gross income as "Amount paid direct to Gertrude F. Moorhead [petitioner's wife] by trustee, Estate Mary H. Moorhead [petitioner's deceased grand-mother], pursuant to Penna. Supreme Court Decision In re Moorhead's Estate, 289 Penna. 542, 137 Atlantic 802. *229 " Petitioner was, during the years involved and prior thereto, the life beneficiary of a spendthrift trust created by his grand-mother by her will. For the years 1949 and 1950 he reported gross receipts from the trust at $17,294.65 and $18,202.16, respectively. Such amounts included the sum of $7,000 paid by the trustees directly to his wife during each taxable year.
Petitioner was married May 4, 1903. On October 24, 1914, he deserted his wife. She thereupon instituted a suit in equity against petitioner and the trustees in the Court of Common Pleas for Allegheny County, Pennsylvania, and in her complaint prayed for a decree determining the amount necessary for her support and directing the seizure of sufficient of the personal property of petitioner in the hands of the trustees to pay such amounts. The court, by consent of the parties, entered its decree September 21, 1916, wherein it ordered the payment by petitioner to his wife of $7,000 per year for her support and maintenance. The wife's complaint against the trustees was dismissed without prejudice to her right to file a further bill of complaint. On the same day petitioner resumed marital association with his wife and continued *230 to live with her until July 21, 1924, when he again deserted her. Petitioner regularly paid the amounts decreed from September 21, 1916, to and including the payment of January 1, 1924. Upon his failure to make the payments due July 1, 1924, and January 1, 1925, the wife by bill of complaint renewed her former suit in equity against the trustees, praying for an injunction against the payment of any trust funds or the transfer of any trust property by the trustees to petitioner. Both of the complaints recited the desertion of his wife by petitioner. The answer of the trustees raised a jurisdictional issue based upon the spendthrift character of the trust. The disposition of this issue by the Court of Common Pleas (not shown by this record), being unsatisfactory to both parties, was appealed to the Supreme Court of Pennsylvania, which ultimately decided the issue in favor of the wife and ordered the support monies in the amount of $7,000 per year to be paid directly to her by the trustees, its decision being reported in In re Moorhead's Estate, 289 Pa. 542. In accordance with the latter decision, the trustees have each year since paid the support monies here involved directly *231 to the wife and did so for both 1949 and 1950. In a memorandum opinion by the former Board of Tax Appeals, entered September 10, 1941, it was held that the yearly payments by the trustees for the years 1936 and 1937 (prior to the enactment of sections 23(u) and 22(k) of the 1939 Code) represented taxable income to petitioner. Petitioner's wife has for both 1949 and 1950 reported the annual payments so received as income. Opinion The issue here presented was before this Court in Frank J. Kalchthaler, 7. T.C. 625, and more recently in John B. Keleher, 25 T.C. - (Jan. 26, 1956). We hold here, as we did there, that the decree under which the payments were sought to be deducted under section 23(u) of the 1939 Code was not a decree of separate maintenance but was a decree merely enforcing the petitioner's marital duty to support his wife. Neither the instant decree of the lower court nor the final decree of the Pennsylvania Supreme Court purported to adjudicate the right of petitioner to live separately from his wife. They were issued because of the separation and therefore have the character of quasi-criminal non-support decrees. Section 23(u) does not relieve a husband from tax *232 upon income which has been expended by him for the support of his wife unless, though lawfully married, his separation from his spouse has been authorized by a court of competent jurisdiction. Decision will be entered for the respondent.